UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HARBOR DOCKING AND TOWING, L.L.C. and GREAT AMERICAN INSURANCE COMPANY** | * * * * | **CIVIL ACTION NO. 10-1922** **SECTION "A"   MAG. DIV. (1)** |
| **VERSUS** | * * | **DISTRICT JUDGE:** **JAY C. ZAINEY** |
| **AMERICAN BUREAU OF SHIPPING, INC.** | * * * | **MAGISTRATE JUDGE:** **SALLY SHUSHAN** |

## ANSWER AND THIRD-PARTY COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes American Bureau of Shipping (hereinafter referred at times as "ABS" and/or "Defendant") improperly sued as American Bureau of Shipping, Inc. and as and for its Answer to the Complaint of Harbor Docking and Towing, L.L.C. (hereinafter referred at times as "Harbor Docking") and Great American Insurance Company (hereinafter referred at times as "Great American"), states as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim or right or cause of action against this Defendant upon which relief can be granted.

## **SECOND DEFENSE**

Now answering the specific allegations of the Complaint.

**1.**

This Defendant lacks sufficient information to justify a belief as to the allegations of Plaintiffs' places of incorporation, places of business or subrogation status.

**2.**

It is admitted that ABS has a principal place of business in Houston, Texas and is doing business in the State of Louisiana. ABS denies that it is a Delaware corporation.

**3.**

The allegations contained in Paragraph III of the Complaint state a conclusion of law to which no response is required. However, should this Honorable Court require a response, the allegations of Paragraph III are denied.

**4.**

The allegations contained in Paragraph IV of the Complaint state a conclusion of law to which no response is required. However, should this Honorable Court require a response, the allegations of Paragraph IV are denied.

**5.**

The allegations contained in Paragraph V of the Complaint are denied for lack of sufficient information to justify a belief therein.

**6.**

The allegations contained in Paragraph VI of the Complaint are denied for lack of sufficient information to justify a belief therein.

**7.**

The allegations contained in Paragraph VII of the Complaint are denied for lack of sufficient information to justify a belief therein.

**8.**

It is admitted that Defendant reviewed plans submitted by Harbor Docking's naval architect and assigned identification numbers to the proposed vessels. Except as so specifically admitted, the allegations contained in Paragraph VIII of the Complaint are denied.

**9.**

It is admitted that construction began in the Fall of 2008 and that Defendant made certain recommendations for modifications of the vessel's drawing to meet classification standards. Except as so specifically admitted, the allegations of Paragraph IX of the Complaint are denied.

**10.**

It is admitted that Defendant made certain recommendations for modifications of the drawings of the vessel and appurtenances. Except as so specifically admitted, the allegations of Paragraph X of the Complaint are denied.

**11.**

It is admitted that Defendant reviewed drawings and calculations of the vessel's bow bitt and supporting structure. Except as so specifically admitted, the allegations of Paragraph XI of the Complaint are denied.

**12.**

It is admitted that Bollard Pull Surveys were conducted on the vessels on July 9 and 10, 2009. Except as so specifically admitted, the allegations of Paragraph XII of the Complaint are denied.

**13.**

It is admitted that Bollard Pull Surveys were conducted on July 9 and 10, 2009, for which Harbor Docking was invoiced by Defendant and paid. Except as so specifically admitted, the allegations or Paragraph XIII of the Complaint are denied.

**14.**

This Defendant lacks sufficient information to justify a belief as to the allegations of Paragraph XIV of the Complaint.

**15.**

Defendant denies the allegations contained in Paragraphs XV, XVI, XVII and XVIII of the Complaint.

**16.**

Defendant denies the allegations contained in Paragraphs XIX, XX, XXI and XXII of the Complaint.

**17.**

Defendant denies that it breached its contract with Main Iron Works, but admits Harbor Docking is a third-party beneficiary of that contract, as alleged in Paragraph XXIII of the Complaint.

**18.**

It is admitted that certain notice was given to Defendant as alleged in Paragraph XXIV of the Complaint.

**19.**

The allegations of Paragraph XXV of the Complaint are denied.

**THIRD DEFENSE**

Defendant's classification services were performed pursuant to various terms and conditions of performance, and Defendant claims the benefit of all such terms and conditions as may be incorporated into its Classification agreement and/or invoices, including limitations and disclaimers of liability.

**FOURTH DEFENSE**

If Plaintiffs sustained any injury or damages as alleged in the Complaint, said injury or damage was caused in whole or in part by the active negligence of Plaintiffs or other parties and was not caused or contributed to by any fault, negligence, want of care, lack of due diligence or breach of any warranty by Defendant.

**FIFTH DEFENSE**

If it is found that Defendant owed a duty to Plaintiffs and breached said duty, all of which is expressly denied, said breach was not the proximate cause of Plaintiffs' damages.

**SIXTH DEFENSE**

Plaintiffs have failed to mitigate their damages.

**SEVENTH DEFENSE**

Plaintiffs have no right of recovery against ABS for their claim of alleged loss of use of the two tugs.

**THIRD-PARTY COMPLAINT**

Now assuming the status as a Third-Party Plaintiff herein, ABS brings the following Third-Party Complaint against Main Iron Works, LLC, Gregory Castleman, Castleman Maritime LLC and G.E. Castleman, N.A. and avers as follows:

1.

Plaintiffs, Harbor Docking and Towing LLC ("Harbor Docking") and Great American Insurance Company ("Great American"), have filed a Complaint against Defendant, American Bureau of Shipping ("ABS").

2.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court pursuant to 28 U.S.C. §1333.  Supplemental jurisdiction for this Third-Party Complaint also exists under 28 U.S.C. §1367 because this Third-Party Complaint is so related to the claims asserted in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.

This third-party action is filed pursuant to Rules 14(a), 14(c) and 18 of the Federal Rules of Civil Procedure.

4.

Third-Party Plaintiff ABS was and now is a not for profit corporation organized and existing pursuant to the laws of the State of New York doing business within the State of Louisiana and within the jurisdiction of this Honorable Court.

5.

At all times hereinafter mentioned, Third-Party Defendant, Main Iron Works LLC, was and now is a corporation or other entity organized under the laws of one of the States of the United States and doing business in the State of Louisiana with a place of business located at 148 Old Ferry Road, Houma, LA  70364.

**6.**

At all times hereinafter mentioned, Third-Party Defendant, Gregory Castleman, was and now is an individual residing at 102 Marina Oaks Drive, Kemah, TX  77565 and doing business within the State of Louisiana under the business names G.E. Castleman N.A. and Castleman Maritime L.L.C. (hereinafter all collectively referred to as "Castleman").

**7.**

Prior to the Fall of 2008, Third-Party Defendant Castleman entered into a contract or other agreement with Harbor Docking and Towing LLC ("Harbor Docking") to design two tractor tugboats including aft towing bitts and supporting structure, the alleged damage to which is the subject of Plaintiffs' Complaint herein.

**8.**

Prior to the Fall of 2008, Third-Party Defendant, Main Iron Works LLC, entered into a contract or other agreement with Harbor Docking to construct the two tractor tugboats including the aft towing bitts and supporting structure in accordance with good shipbuilding practice and pursuant to the design of Third-Party Defendant Castleman.

**9.**

Castleman owed a duty to prepare and submit accurate and appropriate plans, schematics, drawings and/or strength calculations, for the tugboats and their appurtenances.

**10.**

Castleman breached its duty by failing to submit accurate and appropriate plans, schematics, drawings and/or strength calculations and/or to correct, modify and/or supplement such plans, schematics, drawings and/or strength calculations pursuant to ABS' Rules,

comments, corrections and/or drawing notations and sound engineering and naval architecture practice.

**11.**

Any damages sustained by Plaintiffs as a result of the claimed failure of the towing bitts and supporting structure was the direct and proximate result of the negligence, breach of contract, professional malpractice and other failures of Third-Party Defendant Castleman in the concept, design and engineering of the bitts and supporting structure and not the result of any breach, negligence or other act or failure to act on the part of ABS.

**12.**

Main Iron Works owed a duty to construct a sound, staunch and seaworthy vessel and appurtenances. Main Iron Works breached its duty by failing to construct and deliver a sound, staunch and seaworthy vessel and appurtenances.

**13.**

Any damages sustained by Plaintiffs as a result of the claimed failure of the towing bitts and supporting structure was the direct and proximate result of the negligence, breach of contract and other failures of Third-Party Defendant, Main Iron Works, in the construction and workmanship of the bitts and supporting structure and not the result of any breach, negligence or other act or failure to act on the part of ABS.

**14.**

If the vessels, particularly the aft towing bitts and supporting structure, were incapable of withstanding the stress of a Bollard Pull Survey performed to design criteria and suffered damages as alleged in the Complaint, which ABS denies, any such damages were the fault of

Castleman whose negligent design of the tugs' towing bitts and supporting structure failed to meet minimum strength and design requirements for the

**15.**

If the vessels, particularly the aft towing bitts and supporting structure were not built according to plan and suffered damages as a result as alleged in the Complaint, which ABS denies, any such damages are the fault of Main Iron Works who either failed to follow the design plans, or negligently contracted and/or welded the bitts and supporting structure which resulting in their failure.

**16.**

As a result of the negligence and/or breach of contract by Third-Party Defendants Main Iron Works and Castleman, ABS is entitled to judgment against Third-Party Defendants for damages in the amount of any judgment rendered in favor of Plaintiffs against ABS plus all costs, expenses and attorneys' fees.

**17.**

ABS hereby tenders to Third-Party Defendants Main Iron Works and Castleman the defense of this case pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant and Third-Party Plaintiff, ABS, prays that judgment be entered as follows:

1.     In its favor against Plaintiffs, dismissing the Complaint together with costs or, alternatively,

2.     Third-Party Defendant, Main Iron Works LLC, be required to answer under oath, all and singular the matters set forth in the Third-Party Complaint and to respond to the Complaint of Plaintiffs pursuant to the tender herein, and should judgment in any amount be

rendered against ABS, then, in that event, there be judgment in favor of ABS and against Third-Party Defendant, Main Iron Works LLC, in the full amount thereof together with interest, costs, expenses and attorneys' fees; and

3. Third-Party Defendants, Gregory Castleman, Castleman Maritime LLC and G.E. Castleman N.A., be required to answer under oath all and singular the matters set forth in the Third-Party Complaint and to respond and answer the Complaint of Plaintiffs pursuant to the tender herein, and should judgment in any amount be rendered against ABS, then, in that event, there be judgment in favor of ABS and against Third-Party Defendants, Gregory Castleman, Castleman Maritime LLC and G.E. Castleman N.A., in the full amount thereof together with interest, costs, expenses and attorneys' fees; and

4. All such other general and equitable relief which may be just in the circumstances and which this Honorable Court may be competent to grant.

Respectfully submitted:

*/s/Jedd S. Malish*
**DAVID L. CARRIGEE (#3892)**
**JEDD S. MALISH, T.A. (#23846)**
**BALDWIN HASPEL BURKE & MAYER, LLC**
Energy Centre - 22nd Floor
1100 Poydras Street
New Orleans, LA  70163
Telephone:  (504) 569-2900
Facsimile:   (504) 569-2099
Email:  dcarrigee@bhbmlaw.com
Email:  jmalish@bhbmlaw.com

*Attorneys for Defendant, American Bureau of Shipping*
(B382422.1)

**SERVICE REQUESTED BY WAIVER**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of August, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

                                            */s/Jedd S. Malish*